955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brad LEE, Defendant-Appellant.
 No. 90-50524.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brad Lee appeals his conviction at jury trial for conspiracy to possess with intent to distribute phencyclidine (PCP), in violation of 21 U.S.C. § 846, and possession with intent to distribute PCP, in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 Counsel for Lee filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified one possible issue for review: whether there was sufficient evidence to support Lee's conviction. Lee filed a pro se brief on appeal contending that he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and we grant counsel's request to withdraw and affirm the sentence.
 
 
 4
 We review the sufficiency of evidence to support a criminal conviction by viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 318 (1979)) (emphasis in original). When reviewing the sufficiency of the evidence:
 
 
 5
 "[this court] must respect the exclusive province of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict."
 
 
 6
 United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (quoting United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977)).
 
 
 7
 Ample evidence introduced at trial supports the jury's conclusion that Lee was guilty of both the conspiracy and underlying offenses. Diane Taylor, a codefendant who pleaded guilty prior to trial, testified that on January 29, 1990 a person identified at trial as a Drug Enforcement Agency (DEA) informant met at her house with Lee and codefendant Donald Nolan. According to Taylor, the three men met in a front room of the house while she was in the rear of the house. She detected the odor of PCP and later observed a small container of PCP in the front room. She did not know to whom the PCP belonged. Taylor also overheard a telephone conversation between the DEA informant and a person she later learned was DEA Agent Jefferson in which the informant told Jefferson that the PCP was genuine. Taylor testified that Lee was with Nolan at her house on the morning of January 30, 1990 when Nolan made the final arrangement over the phone with Agent Jefferson to purchase PCP.
 
 
 8
 Agent Jefferson testified that he arrived at Taylor's residence at the arranged time, at which point he was introduced to Lee by Taylor. In response to Agent Jefferson's query about the location of the PCP, Lee told him that Taylor was going to get him a sample. Lee also told the agent that the PCP was nearby and that the people who possessed it did not want to meet anyone else.
 
 
 9
 By questioning the sufficiency of the evidence, Lee appears to suggest that the testimony of Taylor and Agent Jefferson is not credible because Lee's version of events contradicts it. "Credibility determinations, however, are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988). In convicting Lee, the jury clearly found Taylor's and Jefferson's testimony credible. Therefore, we hold there was sufficient evidence to sustain Lee's conviction. See Adler, 879 F.2d at 497.
 
 
 10
 Lee contends that he was denied effective assistance of counsel because trial counsel failed to fully explore either an insanity or entrapment defense and because counsel failed to find any meritorious issues for appeal. Generally, we decline to review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here with regard to the allegations of ineffective assistance due to trial counsel's failure to pursue an insanity or entrapment defense. Trial counsel has had no opportunity to explain his actions regarding the failure to pursue either of these defense strategies. However, following our independent review of the record on appeal, we hold that the filing of an Anders brief on appeal did not constitute ineffective assistance of counsel.[1]
 
 
 11
 Counsel's motion to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lee's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lee's "Motion to File Supplement Brief" is denied. Lee's reliance on the Supreme Court's decision in Burns v. United States, 111 S.Ct. 2182 (1991) is inappropriate. Burns applies to cases in which the district court departed upward from the Guidelines sentencing range without prior notice to the defendant. Here, the district court did not depart from the applicable sentencing range. Further, Lee's assertion that the district court improperly enhanced his sentence without providing the notice required under 21 U.S.C. § 851 is also without merit. The government's failure to file an information pursuant to 21 U.S.C. § 851 did not bar the district court from sentencing Lee as a career offender under the provisions of the Guidelines. See United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert denied, 111 S.Ct. 1119 (1991)
 Lee's motion for substitution of counsel is denied.