962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allan HAYES, Defendant-Appellant.
 No. 91-50207.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 11, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allan Hayes appeals his conviction, following a jury trial, for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Hayes contends that insufficient evidence supported his conviction because the government did not establish that he possessed four gallons of phencyclidine (PCP) found in airport luggage. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We examine the sufficiency of the evidence to support a conviction by reviewing the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Sharif, 817 F.2d 1375, 1377 (9th Cir.1987). We must assume that the jury resolved such matters as the credibility of witnesses and evidentiary conflicts in a manner that supports the verdict. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987).
 
 
 4
 To sustain a conviction for possession with intent to distribute a controlled substance, the government must prove three elements: possession, knowledge, and intent to distribute. United States v. Poole, 878 F.2d 1389, 1391 (9th Cir.1989). The government may prove constructive possession by establishing a sufficient connection between the defendant and the drug to support an inference that the defendant exercised dominion and control. United States v. Chambers, 918 F.2d 1455, 1457 (9th Cir.1990) (flight and other actions constituted sufficient circumstantial evidence that defendant had power to dispose of cocaine found in vehicle in which he was a passenger); United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988) (defendant found in locked bedroom with heroin).
 
 
 5
 Here, Hayes flew from Los Angeles to New York on a one-way cash ticket on June 16, 1990. When airline employees in Los Angeles x-rayed the luggage for Hayes's flight, they found in each of two bags a pair of two-gallon containers filled with PCP. One of the bags was brown, and the other was maroon. The brown bag had a name tag for Albert Spartus Hayden and an airline tag number PA 192171. The maroon bag had a name tag for James Ray and an airline tag number PA 192188. Both bags were detained in Los Angeles for further investigation.
 
 
 6
 Meanwhile, at the end of the flight in New York, Hayes made a lost luggage claim for a brown bag and a smaller maroon bag "attached by straps." He said the brown bag had a name tag for Iris Hayes. The claim form referred to tag number PA 192171 and claim number 83817. Lennie Williams, another passenger, made a lost luggage claim for a red bag with tag number PA 192188.
 
 
 7
 Several days later, Drug Enforcement Agency (DEA) agents went to the address Hayes had left with the airline. Hayes met the agents at the door. He said he had lost a large brown suitcase on the flight and produced a slip of paper with claim number 83817 on it.
 
 
 8
 In Hayes's apartment the agents found a type of scale commonly used by drug dealers; small plastic bags; sodium bicarbonate, which is used in the distribution of cocaine; and an envelope containing several one-way cash airplane tickets for trips between Los Angeles and New York. On the envelope were handwritten calculations multiplying 300, the selling price in dollars of one ounce of PCP, by 128 ounces, the number of ounces in one gallon.
 
 
 9
 Hayes's lost baggage claim in New York was sufficient to connect him to the brown bag containing PCP. Accordingly, viewed in the light most favorable to the prosecution, the evidence was sufficient to support the inference that Hayes exercised dominion and control over the PCP when the brown bag was checked in for the flight on June 16, 1990. See Chambers, 918 F.2d at 1457; Castillo, 866 F.2d at 1086. We therefore affirm Hayes's conviction.
 
 
 10
 On October 30, 1991, Hayes filed a pro se motion for leave to file a pro se supplemental opening brief and excerpts of record. Because Hayes is represented by counsel, the motion is denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3