**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kinley Abner GOODE, Defendant-Appellant.**

**No. 86–1286.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1987.

Decided April 13, 1987.

Javier Chon-Lopez, Tucson, Ariz., for defendant-appellant.

Cindy K. Jorgenson, John S. Leonardo, Tucson, Ariz., for plaintiff-appellee.

Before CHOY, PREGERSON and CANBY, Circuit Judges.

PREGERSON, Circuit Judge:

Appellant Kinley Abner Goode was charged with assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(f) and 1153. On the day set for trial, the district court ordered the government to make its opening statement to all prospective jurors before voir dire, leaving defense counsel the option of making an opening statement either before or after voir dire. The jury later found Goode guilty as charged. He appeals from this conviction, contending that presentation of opening statements before voir dire deprived him of a fair trial and that his conviction was not supported by sufficient evidence. We affirm.

## FACTS

On the evening of March 2, 1986, a police officer found Kennedy Stevens lying by the side of the road on the San Carlos Indian Reservation. He had been severely beaten about the head. Later he could not remember who had attacked him. His memory loss was due perhaps to the beating and perhaps to his intoxication at the time of the beating.

When the police officer found Stevens at the roadside, the officer noticed a small car traveling towards him and Stevens. The car suddenly made a u-turn and sped off in the opposite direction. Later, George Hinton, a seventeen-year-old boy, told the police that he had seen a small brown Datsun pull up beside Stevens, that he perceived that Stevens was being beaten, and that the Datsun then drove off. After the police learned that appellant owned a car meeting the description given by Hinton, appellant was arrested and charged with the assault of Stevens.

On July 29, 1986, before the start of appellant's trial, the district court ordered the government to make its opening statement to all prospective jurors before voir dire. The order allowed defense counsel to decide whether to make an opening statement before or after voir dire. Defendant objected to this procedure, and the court overruled defendant's objection. Defense counsel then elected to make his opening statement before voir dire. The parties delivered their opening statements, voir dire was conducted, and challenges were exercised, after which the jury was impaneled.

The evidence presented by the government pointing to appellant's guilt included testimony by appellant's "girlfriend," Michelle Carroll, that appellant had beaten Stevens. Appellant raised some question at trial as to Carroll's credibility. Several other witnesses corroborated Carroll's story implicating appellant.

After the close of the government's case, appellant moved for a judgment of acquittal based on insufficiency of the evidence. The court denied the motion. Appellant renewed this motion after he had presented his defense. The court once again denied the motion. After deliberating, the jury returned a verdict of guilty of assault resulting in serious bodily injury. On September 22, 1986, appellant was sentenced to six years' imprisonment and was subjected to a special assessment of fifty dollars.

## ANALYSIS

### A. Opening Statements
### Before Voir Dire

We review a district court's decisions on trial management for abuse of discretion. *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir.1980).

In *In re Yagman,* 796 F.2d 1165 (9th Cir.1986), we held that a district court in a civil action did not abuse its discretion when it ordered the parties to make their opening statements to all of the prospective jurors before voir dire. We noted, however, that

> there may be situations in which communication to the jury [before the members of the jury are sworn] would give rise to due process concerns, but this could not be true in the situation at bar.

*Id.* at 1171.

■ The rule of *Yagman* applies here. The controlling policy in *Yagman* is that the district court has broad discretion in determining the conduct and order of the trial. *Id.* The same broad discretion resides in district courts in criminal trials. *Johnson,* 618 F.2d at 62; *United States v. Panza,* 612 F.2d 432, 438 (9th Cir.1979), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3019, 65 L.Ed.2d 1118 (1980). This broad discretion is to be limited only when a party's rights are somehow prejudiced. *See, e.g., Brookhart v. Janis,* 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (denial of right to cross-examine witnesses is an abuse of discretion)

There is no difference between the rights implicated in civil and criminal trials that would necessitate different treatment of opening statements. In criminal trials, the district judge's discretion should be preserved unless its exercise could deprive the defendant of a constitutional right or otherwise prejudice defendant's case. Here, appellant's rights were unaffected by the court's order that the government deliver its opening statement to all prospective jurors before voir dire. The critical inquiry is whether positioning the government's opening statement before voir dire in any way deprived defendant of a fair trial or of due process. Appellant fails to show any such prejudice. Appellant argues, however, that once the government's attorney was ordered to deliver his opening statement to all prospective jurors before voir

dire, appellant's counsel was, as a matter of strategy, effectively forced to deliver his opening statement before voir dire as well. Appellant then argues that if, through the voir dire process, his counsel had become acquainted with the members of the jury, he would have delivered a more effective opening statement. But appellant fails to demonstrate how his opening statement was harmed by his counsel's lack of acquaintance with the jury. Moreover, appellant has not shown that his opening statement, which preceded voir dire, in any way prejudiced the outcome of the trial. In fact, familiarizing prospective jurors with a case before voir dire could benefit a defendant by enabling prospective jurors to assess knowledgeably whether they are fit to sit as fair and impartial jurors in the case at hand.[1]

■ Lying at the heart of this case is the ability of a district judge to manage a trial. We are reluctant to tamper with the district judge's discretion in the absence of a showing of prejudice. Appellant's argument that his conviction should be reversed fails because he has not shown any reason why *Yagman* should not apply here or why, under *Yagman,* the district court abused its discretion.

### B. Sufficiency of the Evidence

In *United States v. Ramos,* 558 F.2d 545 (9th Cir.1977), we described the analytical approach to be taken in reviewing verdicts for sufficiency of the evidence:

> First, the evidence must be viewed in the light most favorable to the government; and second, the reviewing court must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict.

*Id.* at 546 (citing *United States v. Nelson,* 419 F.2d 1237, 1241 (9th Cir.1969)).

■ Applying these rules, we conclude that the conviction was supported by suffi-

---

1. If a district court wished to achieve this purpose and also to accord the opening statement its usual role in the trial, the court could require preliminary opening statements before voir dire and then supplementary opening statements once the jury has been impaneled.

cient evidence. The evidence, particularly Michelle Carroll's testimony, indicated that appellant committed the assault on Stevens. While appellant attempted to impugn Carroll's credibility, it was the jury's job to decide whether to believe her. Given that the jury found Carroll's testimony credible, there was sufficient evidence to support a guilty verdict. Therefore, we AFFIRM the conviction.