952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Lee KIRKPATRICK, Petitioner-Appellant,
v.
Roger CRIST, et al., Respondent-Appellee.
 No. 91-15649.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Jan. 3, 1992.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Lee Kirkpatrick, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Thomas contends that insufficient evidence supports his conviction for armed robbery. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Evidence is sufficient to support a conviction if, considering the evidence in the light most favorable to the prosecution, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "[T]he reviewing court must respect the province of the jury to ascertain the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (quotation omitted). A state court conviction that does not meet the Jackson standard violates due process and entitles a state prisoner to habeas relief. Mikes v. Borg, 945 F.2d 303, 304 (9th Cir.1991).
 
 
 4
 Here, Kirkpatrick was convicted of armed robbery of a convenience store. The store clerk identified Kirkpatrick as the person who robbed the store and testified that Kirkpatrick said he was armed, that long scissors protruded from his pocket, that he stated "Now I want your money," that she took the money and placed it in a paper bag, and that Kirkpatrick left the store with the money. In addition, several photographs showing Kirkpatrick with the scissors in his pocket were taken by a hidden camera during the robbery and were introduced into evidence. This is sufficient evidence from which a rational jury could find Kirkpatrick guilty of armed robbery beyond a reasonable doubt. See Jackson, 443 U.S. at 319.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Kirkpatrick raises issues concerning the validity of a pre-trial photographic line-up and the in-court identification. Because these issues were not raised in the district court, and because no extraordinary circumstances warrant review of the claims, we decline to address them. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985)
 Kirkpatrick's motion to appoint counsel is denied.