952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Ray WASHINGTON, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, Respondent-Appellee.
 No. 90-55903.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 13, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Donald Ray Washington appeals pro se the district court's denial of his second habeas corpus petition under 28 U.S.C. § 2254. Washington contends that (1) insufficient evidence supported his conviction for second degree murder, (2) he was denied a fair trial because blacks were improperly excluded from the jury, and (3) he received ineffective assistance of counsel at trial. We review de novo, Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), and affirm.
 
 I. Sufficiency of the Evidence
 
 3
 Washington's second habeas petition, like his first petition, claimed that the evidence was insufficient to support his murder conviction because the testimony of prosecution witnesses was not credible and because there was no evidence regarding ballistics or cause of death. The second habeas petition also claimed that the evidence was insufficient because Washington's co-defendant testified at trial and stated in a post-trial affidavit that Washington was not present when the victim was shot.[1]
 
 
 4
 To establish that insufficient evidence supported his murder conviction, Washington must show that considering the evidence in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mikes, 947 F.2d at 356. " '[T]he reviewing court must respect the province of the jury to ascertain the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict.' " United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (quoting United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977)).
 
 
 5
 As the district court determined when denying Washington's first habeas petition, all three eyewitnesses testified that Washington shot the victim, and it was the province of the jury to determine their credibility in light of discrepancies in their testimony about other matters. See Goode, 814 F.2d at 1355. As to the lack of evidence regarding ballistics and cause of death, the deputy medical examiner testified that all of the gunshot wounds contributed to the victim's death. This testimony, viewed in the light most favorable to the prosecution, established that the shot by Washington caused the victim's death. See Jackson, 443 U.S. at 319. Washington also based his claim on his co-defendant Donald Foster's statement in a probation report, trial testimony, and post-trial affidavit indicating that Washington was not present when the victim was killed. Because it was the province of the jury to weigh Foster's testimony against the testimony of the three eyewitnesses, the district court also properly rejected this argument. See Goode, 814 F.2d at 1355.
 
 
 6
 Accordingly, we affirm the district court's dismissal of Washington's claim regarding sufficiency of the evidence.
 
 II. Jury Selection
 
 7
 In his second habeas petition, Washington claimed: "Petitioner received an unfair trial because he was not afforded a jury drawn from a representative cross section of the community. To wit: petitioner was tried by an all white jury."
 
 
 8
 The Supreme Court's decision in Batson v. Kentucky, 476 U.S. 79 (1986), does not apply retroactively to convictions such as Washington's that already were final when Batson was announced. Allen v. Hardy, 478 U.S. 255, 257-61 (1986) (per curiam); Nevius v. Sumner, 852 F.2d 463, 466-67 (9th Cir.1988), cert. denied, 490 U.S. 1059 (1989). Accordingly, to establish violation of his right to an impartial jury, Washington was required to establish that prosecutors in the jurisdiction systematically were using their peremptory challenges to strike blacks from juries. Allen, 478 U.S. at 258; Swain v. Alabama, 380 U.S. 202, 220-26 (1965); Nevius, 852 F.2d at 467.
 
 
 9
 In his petition, Washington made no allegation of such systematic action unrelated to his own case. We therefore affirm the district court's dismissal of Washington's claim regarding jury selection. See Allen, 478 U.S. at 257-61; Nevius, 852 F.2d at 467.
 
 III. Ineffective Assistance of Counsel
 
 10
 Washington contends that his trial attorney was ineffective because he did not move for acquittal and did not draw enough attention to testimony that Washington was not present when the victim was killed.[2]
 
 
 11
 To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A deficient performance is one in which counsel's errors were so serious that he was not performing as counsel guaranteed by the sixth amendment. Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689; United States v. Hamilton, 792 F.2d 837, 839 (9th Cir.1986). Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.
 
 
 12
 As discussed above, the evidence was sufficient to support the conviction, and the jury chose to believe the three eyewitnesses. See Jackson, 443 U.S. at 319; Goode, 814 F.2d at 1355. Accordingly, Washington's attorney was not deficient for failure to move for acquittal or draw more attention to the other testimony. See Strickland, 466 U.S. at 687. We therefore affirm the district court's dismissal of Washington's claim of ineffective assistance of counsel.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Washington's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We cannot affirm on the basis that Washington's claim regarding sufficiency of the evidence was successive because the district court made no finding that the ends of justice would not be served by reaching the merits of this claim, and the district court's views on this point are not clear from the record. See Sanders v. United States, 373 U.S. 1, 15 (1963); Howard v. Lewis, 905 F.2d 1318, 1324 (9th Cir.1990)
 
 
 [2]
 Washington also makes other contentions regarding ineffective assistance of counsel. Because Washington did not raise these claims in his habeas petition in district court, we decline to consider them. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)