972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan R. DOMINGUEZ, Defendant-Appellant.
 No. 91-50437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Dominguez appeals his conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine within 1000 feet of an elementary school, in violation of 21 U.S.C. §§ 841(a)(1) & 860. Dominguez contends that the evidence was insufficient to support his conspiracy conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 The district court shall order the entry of judgment of acquittal "if the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). Sufficient evidence to support a conviction exists if "a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendants guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.) (citation omitted), cert. denied, 493 U.S. 863 (1989); Jackson v. Virginia, 443 U.S. 307, 319 (1979). When reviewing the sufficiency of the evidence:
 
 
 4
 "[this court] must respect the exclusive province of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict."
 
 
 5
 United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (citation omitted). Moreover, because Dominguez failed to renew his motion for acquital after the close of his case, we review his insufficiency of evidence claim only for plain error. See Hernandez, 876 F.2d at 777.
 
 
 6
 "To prove a conspiracy, the government must show 1) an agreement 2) to engage in criminal activity and 3) one or more overt acts in furtherance of the conspiracy. 'The prosecution need not show the agreement to have been explicit. An implicit agreement may be inferred from the facts and circumstances of the case.' " Hernandez, 876 F.2d at 777 (quoting United States v. Monroe, 552 F.2d 860, 862 (9th Cir.), cert. denied, 431 U.S. 972 (1977)). A defendant's knowledge of criminal activity can be inferred from the defendant's actions and other circumstantial evidence in the case as a whole. United States v. Sanchez-Murillo, 608 F.2d 1314, 1318 (9th Cir.1979). "While mere proximity to the scene of illicit activity is, without more, insufficient to infer a nexus to a conspiracy, a defendant's presence may nevertheless be probative of that nexus when viewed in the context of other evidence." United States v. Reese, 775 F.2d 1066, 1071-72 (9th Cir.1985).
 
 
 7
 Dominguez argues that the evidence was not sufficient to show that he participated in a conspiracy to distribute cocaine because the government witnesses' testimony at trial was incredible and factually inconsistent. He also asserts that no physical evidence, such as photographs or tape recordings, corroborate the testimony that he was present during the meetings at Rosa Valadez' restaurant. Nevertheless, the evidence supports Dominguez' conviction.
 
 
 8
 Rosa Valadez, Dominguez' codefendant, testified that Manuel Castro and Dominguez approached her in her restaurant in January 1991 and offered to supply cocaine for distribution. A confidential informant ("CI") posing as a buyer testified that he met Valadez in her restaurant in February, 1991 to discuss a drug transaction involving 15 kilograms of cocaine. Valadez contacted Castro and Dominguez. In March, 1991, Valadez, Castro and Dominguez arranged to deliver the cocaine to the CI at Valadez' residence. Valadez testified that Dominguez accompanied Castro at every meeting to discuss the drug deal, thereby supporting the jury's conclusion that Dominguez knowingly participated in the conspiracy. See Hernandez, 876 F.2d at 778.
 
 
 9
 Government agents testified that on the day of the transaction, Dominguez was observed outside Valadez' residence while Castro conducted the transaction inside. See Hernandez, 876 F.2d at 779 (counter-surveillance activities during drug transaction furthers conspiracy). After viewing the cocaine, the CI left the residence and signaled to the government agents. As the CI departed, Dominguez handed him his card and beeper number for future contact. See id., 876 F.2d at 780 (coordinated activity of codefendants supports conspiracy).
 
 
 10
 Although Dominguez attempted to discredit the CI's and Valadez' testimony at trial, it was the jury's job to decide whether to believe them. See Goode, 814 F.2d at 1355. Assuming the jury found the testimony credible and viewing the evidence in a light most favorable to the government, we conclude there was sufficient evidence to support Dominguez' conviction. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3