980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vardkes BOSTANIAN, Defendant-Appellant.
 No. 89-50380.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.
Decided Nov. 25, 1992.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In a bench trial, Vardkes Bostanian was convicted of conspiracy and mail fraud pursuant to 18 U.S.C. §§ 371 and 1341. Bostanian now appeals, arguing the evidence was insufficient to support his conviction.
 
 
 3
 Because the record contains evidence of Bostanian making knowingly false claims, on several occasions, regarding the occurrence of an automobile accident, we affirm the district court.
 
 
 4
 * The standard of review for the sufficiency of the evidence to support a criminal conviction is whether, after review of the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of a crime beyond reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). We must respect the exclusive province of the factfinder to determine credibility of witnesses, to resolve evidentiary conflicts, and must draw reasonable inferences from the facts by assuming the factfinder resolved all conflicts in favor of the verdict. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987).
 
 
 5
 In this case, all parties agree that no accident occurred on August 19, 1987. There was evidence before the district court, however, that on at least three separate occasions, Bostanian claimed his injuries were caused in an accident that occurred on August 19th.
 
 
 6
 For his part, Bostanian claims confusion: on those occasions when he claimed he was injured on the 19th, he really meant to refer to a different accident that occurred on the 17th. The mistake was due to Bostanian's alleged difficulty with the English language.
 
 
 7
 There was evidence before the district court, however, that Bostanian both understood and spoke English. Although he used translators in his meeting with attorney Barouh, Bostanian spoke in English both to Dr. Snyder and a government agent. Indeed, there seems to be ample evidence to support the district court's determination that Bostanian's claim of language difficulty was simply not true.
 
 
 8
 Bostanian also argues there is no evidence that the date written on the doctor's fact sheet was supplied by Bostanian, as opposed to one of the other suspects. Bostanian points out that the fact sheet itself was in the doctor's handwriting. Thus, to Bostanian, there is no evidence directly linking him to the date listed on the fact sheet.
 
 
 9
 Bostanian's argument about the fact sheet, however, is directly refuted by the doctor's testimony. In response to a question asking where he got the information written on the fact sheet that the accident occurred on the 19th, Dr. Snyder replied, "[t]his is from Mr. Bostonian [sic]."
 
 
 10
 The district court had before it evidence that Bostanian had a sufficient grasp of English to enable him to make a fraudulent claim. We hold that evidence was sufficient to support the conviction.
 
 The judgment of the district court is
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3