993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter Yong HAMILTON, Defendant-Appellant.
 No. 92-30203.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1993.
Decided May 18, 1993.
 
 1
 Before: CANBY and REINHARDT, Circuit Judges, and TASHIMA* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Peter Yong Hamilton appeals his conviction for conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. §§ 371 & 2320. We affirm.
 
 
 4
 * Jury Instructions
 
 
 5
 Hamilton contends that the district court erred by refusing to instruct the jury on his defense theory that he committed the criminal conduct with the apparent permission of United States Customs officials. We disagree.[1]
 
 
 6
 Hamilton requested an instruction based on this court's decision in United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). In Mason, it was undisputed that the FBI had authorized the defendants to engage in some illegal activity as part of an undercover investigation; the question for the jury was whether the defendants' participation in the investigation had ended before they committed the charged offenses. Id. We held that the defendants were entitled to have a specific jury instruction on their defense theory because the general instructions on intent did not meaningfully express it. Id. at 1439-41.
 
 
 7
 The instruction given in Mason is not applicable to this case, however, because Hamilton never acted as a government agent. Instead, his defense theory was that, when Customs officials informed him that the shipment had been released and could be picked up, he had a reasonable, good-faith belief that Customs had deemed the shipment legal and had authorized him to transport the counterfeit merchandise to his home. The district court did not err by refusing to give Hamilton's proposed instruction because there was no factual basis for this instruction. The facts introduced by Hamilton were insufficient to support a finding that he had a reasonable good-faith belief that the government had approved the importation of the counterfeit goods. This is a far different case from United States v. Mason, 902 F.2d 1434, 1440-41 (9th Cir.1990), on which Hamilton relies. In Mason, the defendant introduced evidence that he had conducted criminal activity at the government's express request. On that record, we held that the defendant was entitled to an instruction that his "reasonable belief" that he was "acting as an authorized government agent to assist in law enforcement activity" would preclude a finding of the necessary criminal intent. No such evidence of government authorization was introduced by Hamilton, nor was there any other evidence to support the reasonableness of his asserted belief that his illegal activity had been approved by Customs.
 
 II
 Sufficiency of the Evidence
 
 8
 Hamilton concedes that a conspiracy existed between his wife and mother-in-law, but he argues that the evidence was insufficient to prove that he was a member of this conspiracy. This argument fails.
 
 
 9
 We must uphold a conviction if, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 10
 At trial, Hamilton admitted that he learned that the shipment contained counterfeit goods before he picked it up in December 1988. He also admitted that (1) he made numerous phone calls to Customs in order to obtain the release of the shipment; (2) he went to the freight station on the designated day and helped his wife and mother-in-law pick up the shipment; and (3) he transported the counterfeit goods to his home. Essentially, he argues that he lacked criminal intent because he believed that the Customs officials' decision to release the shipment meant that they had decided to overlook the counterfeit goods, and that therefore the shipment was legal. Hamilton explained this version of the events to the jury, but the jurors did not accept it. Credibility determinations and the resolution of conflicting testimony are within the exclusive province of the jury. See United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to support Hamilton's conviction. See Jackson, 443 U.S. at 319.
 
 III
 
 11
 District Judge's Ex Parte Communication with the Jury
 
 
 12
 Hamilton asserts that the district court erred by responding to a jury question without his knowledge or participation. We conclude that this error was harmless beyond a reasonable doubt.
 
 
 13
 During the jury's deliberations, the district court received a written note that inquired: "Who compiled the packing list?" Without notifying Hamilton or his attorney, and in their absence, the district court responded in writing: "We don't know." The government concedes that the district judge's ex parte communication with the jury violated Hamilton's due process right to be present at all stages of his trial. See United States v. Frazin, 780 F.2d 1461, 1469 (9th Cir.), cert. denied, 479 U.S. 844 (1986). Nevertheless, such a violation is subject to harmless error analysis. Id. (citing Chapman v. California, 386-U.S. 18, 21-22 (1967)). To establish that an error is harmless, "the government must 'prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " Id. at 1469-70 (quoting Chapman, 386 U.S. at 24).
 
 
 14
 The evidence at trial regarding who prepared the packing list was inconclusive. It was undisputed, however, that the list was compiled by someone in South Korea, at a time when Hamilton was in the United States. Moreover, all of the government's evidence of Hamilton's participation in the conspiracy to traffic in counterfeit goods, the only count of which he was convicted, related to events that occurred after the shipment arrived in the United States. Accordingly, the jury's question and the district court's answer could have related only to counts of which Hamilton was acquitted. Given this record, we find it clear beyond a reasonable doubt that the district court's error did not contribute to the verdict and therefore was harmless. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We need not resolve the parties' disagreement over whether the district court's refusal to give the requested instruction should be reviewed de novo or for an abuse of discretion. Under either standard of review, we would affirm the district court's decision