15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lazaro CAMPOS-AVILA, Defendant-Appellant.
 No. 92-50702.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 27, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lazaro Campos-Avila appeals his conviction, following a bench trial, for importation and possession of marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and 952. Campos-Avila contends that the government presented insufficient evidence regarding identity and knowledge to support his conviction. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In determining the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); see United States v. Atkinson, 990 F.2d 501, 503 (9th Cir.1993) (en banc) (holding that this standard of review applies where defendant failed to move for acquittal during bench trial). We must assume that the fact-finder resolved such matters as the credibility of witnesses and evidentiary conflicts in a manner that supports the conviction. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987).
 
 
 4
 To sustain a conviction for importation of a drug, the government must prove that the defendant knowingly or intentionally imported the drug. 21 U.S.C. Secs. 952, 960. To sustain a conviction for possession of a drug, the government must prove that the defendant knowingly and intentionally possessed the drug with the intent to distribute it. 21 U.S.C. Sec. 841(a)(1). The fact that the defendant was the sole occupant of a vehicle containing drugs is probative of knowledge. United States v. Sanchez-Robles, 927 F.2d 1070, 1076 (9th Cir.1991). The defendant's flight from law enforcement authorities also may be probative of knowledge. United States v. Chambers, 918 F.2d 1455, 1458 (9th Cir.1990).
 
 
 5
 Here, Customs Inspector Ramon Cortez testified that at 3:00 a.m., a car drove up to his primary inspection lane at the San Ysidro, California Port of Entry. The driver handed Cortez a temporary resident card bearing the name "Lazaro Campos-Avila." When Cortez asked the driver to exit the car and open the trunk, the driver stepped out and ran back to Mexico. Cortez retrieved the car keys and found sixty-four bundles of marijuana in the trunk.
 
 
 6
 At trial, Cortez positively identified Campos-Avila as the driver of the car. Campos-Avila argues that Cortez nonetheless failed to notice his earring and the scar on his hand, inaccurately estimated his weight and hair length, and failed to describe him in an incident report. Campos-Avila also argues that Vivian Jackson, a fingerprint expert, testified that someone else's fingerprints were found on the driver's side of the car, and Campos Avila's were not. Any conflict between Cortez's identification of Campos-Avila and the other evidence was for the fact-finder to resolve. See Goode, 814 F.2d at 1355. Accordingly, we hold that the government presented sufficient evidence of Campos-Avila's identity. See Jackson, 443 U.S. at 319.
 
 
 7
 Campos-Avila also contends that there was insufficient evidence of knowledge. He argues that Cortez testified that he was dressed as if he had been to a disco. He also points to evidence that he did not use drugs and had no criminal record except for a drunk driving offense. Nonetheless, Cortez and another custom agent's testimony regarding Campos-Avila's flight and an odor of marijuana in the car was probative of knowledge. See Chambers, 918 F.2d at 1458. Accordingly, Campos-Avila's contention lacks merit. See Jackson, 443 U.S. at 319; Goode, 814 F.2d at 1355.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3