17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Audel RAMIREZ-TOSCANO, Defendant-Appellant.
 No. 93-50446.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Audel Ramirez-Toscano appeals his conviction, following a bench trial, for using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1).[1] Ramirez-Toscano contends that the government presented insufficient evidence to support his conviction. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We must uphold a conviction if, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). To obtain a conviction under section 924(c)(1), the government must prove that the firearm (1) "played some role" in the underlying drug trafficking offense and (2) was "within the possession or control of the defendant." United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991).
 
 
 4
 Ramirez-Toscano and two others were arrested shortly after they crossed the border between Mexico and the United States carrying duffle bags filled with marijuana. At trial, Richard Amos, the arresting officer, testified that, when he encountered Ramirez-Toscano, Ramirez-Toscano "was standing in the middle of the path facing me with a handgun in his right hand ... with his finger on the trigger." Michael Mendez, a detective who conducted the post-arrest interrogation, testified that Ramirez-Toscano stated that he knew how to use the gun, and that he was carrying the gun because no one else wanted to carry it. In his defense, Ramirez-Toscano testified that a fourth person, who was not apprehended, carried the gun across the border and handed it to Ramirez-Toscano approximately a minute before he was arrested.
 
 
 5
 On appeal, Ramirez-Toscano argues that, because he testified that he possessed the gun only for a moment and the government failed to present direct evidence to contradict his testimony, the evidence was insufficient to prove that he carried the gun in relation to the crime of importing marijuana. We disagree.
 
 
 6
 First, the district judge heard Ramirez-Toscano's explanation of how he came into possession of the gun, but did not find it credible.[2] We must respect the district court's credibility determination. See United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (credibility determinations and the resolution of conflicting testimony are within the exclusive province of the trier of fact). Given the testimony of Amos and Mendez, the district court could rationally find that Ramirez-Toscano used or carried the gun within the meaning of section 924(c)(1). See Torres-Medina, 935 F.2d at 1049 (the use or carry element of section 924(c)(1) is established if the firearm is " 'within the possession or control' of the defendant") (quotation omitted).
 
 
 7
 Second, "[t]he phrase 'in relation to' is expansive[.]" Smith v. United States, 113 S.Ct. 2050, 2058 (1993). As used in section 924(c)(1):
 
 
 8
 [t]he phrase "in relation to" ... clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence.... Instead, the gun at least must "facilitat[e], or ha[ve] the potential of facilitating," the drug trafficking offense.
 
 
 9
 Id.; see also Torres-Medina, 935 F.2d at 1050 ("[a] firearm may play a role in the offense simply by emboldening the defendant to act; the defendant need not have drawn his weapon or fired rounds"); United States v. Power, 881 F.2d 733, 737 (9th Cir.1989) (mere display of a firearm can facilitate a drug trafficking crime by emboldening the defendant and intimidating others). We conclude that the evidence, viewed in the light most favorable to the government, was sufficient evidence to allow a rational trier of fact to find that the gun emboldened Ramirez-Toscano to commit the drug trafficking crime. See Jackson, 443 U.S. at 319; Torres-Medina, 935 F.2d at 1050; Power, 881 F.2d at 737. Accordingly, we affirm his conviction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Before trial, Ramirez-Toscano pleaded guilty to one count of importing marijuana, in violation of 21 U.S.C. Secs. 952 and 960. On appeal, he does not challenge this conviction
 
 
 [2]
 As the district court observed, the government's witnesses could not directly contradict Ramirez-Toscano's testimony, but their testimony provided circumstantial evidence that undercut Ramirez-Toscano's credibility