91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mitchell Lynn WHITE, Defendant-Appellant.
 No. 95-30355.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Lynn White appeals his conviction, following a jury trial, for firearm possession by a felon in violation of 18 U.S.C. § 922(g)(1). White contends the government presented insufficient evidence that he, rather than his friend Mark McClure, possessed the shotgun found in McClure's car. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 At trial, police officer David Rash testified that he pursued a car registered to McClure. It was night, and Officer Rash could not see the driver. The car stopped in front of McClure's mother's house and then moved into the driveway behind a hedge. Officer Rash and Officer Bruce Litchfield walked over to the driveway and found McClure, who told them the driver had run through the house. The officers found a shotgun in the car.
 
 
 4
 Other officers discovered White in McClure's bedroom. White said he had been sleeping on McClure's bed and had not driven the car. White wore only pants, but Officer Litchfield found a pair of warm, damp boots in McClure's closet. In the dining room the officers found a shotgun case that contained documents belonging to White. McClure's mother testified that White had a room in her house and kept his belongings there. Officer John Oleyar testified that when Officer Rash questioned White he tilted his head down and closed his eyes, but when the officer walked away White opened his eyes and looked around, as though he had been feigning sleepiness.
 
 
 5
 According to Officer Rash, McClure's hands looked dirty and greasy, and in the lighted garage Rash found stereo parts, tools, and half a beer next to McClure's truck. McClure testified that he had been working on his truck that night and had loaned his car to White.
 
 
 6
 White points to some of the evidence that supports his theory of the case and argues that McClure's testimony was not credible because of his incentive to lie to protect himself, his drug use, and his previous lie to police about White shooting him in the leg. We, however, "must determine whether any rational trier of fact could have found every essential element of the crime beyond a reasonable doubt." United States v. Bernard, 48 F.3d 427, 429 (9th Cir.1995). We must assume that the jury resolved such matters as the credibility of witnesses and evidentiary conflicts in a manner that supports the conviction. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). Viewing the evidence in the light most favorable to the government, the jury reasonably could have concluded that despite McClure's untrustworthiness, the condition of the garage and the grease on his hands showed he was telling the truth. See Bernard, 48 F.3d at 429. The jury also reasonably could have concluded that the boots, Officer Oleyar's testimony, and the documents in the shotgun case showed that White lied to the police when he said he had been sleeping rather than driving the car. See id. We therefore affirm the district court's judgment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3