92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Gene JENKINS, Defendant-Appellant.
 No. 95-50424.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Gene Jenkins appeals his jury conviction for assault with a dangerous weapon in violation of 18 U.S.C. § 113(c).[1] Jenkins contends that there was insufficient evidence to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Jenkins contends that the evidence presented at trial was insufficient to support his conviction because the government failed to prove beyond a reasonable doubt that he intentionally struck the victim or that he acted with specific intent to cause bodily harm.
 
 
 4
 In determining whether there was sufficient evidence to convict a defendant "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994). We are obligated to "respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987).
 
 
 5
 Here, a review of the evidence in the light most favorable to the prosecution reveals that there was sufficient evidence to support Jenkins's assault conviction. See Jackson, 443 U.S. at 319; Riggins, 40 F.3d at 1057. Several prison officers testified that they saw Jenkins and Thomas, the victim, fighting inside a phone booth and that during the fight, Jenkins was holding the handle of a shank. The officers further testified that Jenkins swung the shank at them as they tried to stop the fight and take the shank from him. Additionally, the officers testified that they saw Thomas bleeding profusely, and a prison physician's assistant testified that the victim had deep cuts on the top of his head and on his left cheek that required several sutures.
 
 
 6
 Although Jenkins contends that the evidence did not show that he was the aggressor and that in fact Thomas attacked him, his version of events is discredited by evidence to the contrary. Jenkins asserts that he was on the telephone at the time of the assault when Thomas attacked him. He also asserts that Thomas cut his lip with the shank. At trial, however, the prosecution introduced a tape recording of the telephone conversation that took place before the assault, which established that it was Thomas who had been on the telephone at the time of the assault. Additionally, two officers testified that Jenkins's lip had been injured by a different inmate after the assault.
 
 
 7
 The evidence, viewed in the light most favorable to the prosecution, is sufficient to prove beyond a reasonable doubt that Jenkins intentionally struck the victim and committed the assault with the intent to cause bodily harm. See Jackson, 443 U.S. at 319; Goode, 814 F.2d at 1355.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since Jenkins's indictment, the offense of assault with a dangerous weapon has been renumbered and is found at 18 U.S.C. § 113(a)(3)