131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
David Calvin REEVIS, Defendant-Appellant.
 No. 97-30069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1997.**
 
 Appeal from the United States District Court for the District of Montana, D.C. No. CR-96-00034-PGH; Hatfield, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Calvin Reevis appeals his conviction following a jury trial for assault with a deadly weapon, with intent to do bodily harm, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(3). Reevis contends that there was insufficient evidence to support his conviction and that the district court erred by applying the aggravated assault guideline to his conduct. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Reevis contends the evidence was insufficient because he did not have a knife during the controversy with Officer Racine. Although there is conflicting testimony regarding whether Reevis possessed a knife, viewing the evidence in the light most favorable to the government, a reasonable jury could find that Reevis assaulted Officer Racine with a knife. See Jackson v. Virginia, 443 U.S. 307, 319 (1977) (in determining whether there was sufficient evidence to convict a defendant the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt); see also United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (it is the jury's duty to resolve evidentiary conflicts and issues surrounding the weight and credibility of conflicting testimony).
 
 
 4
 Reevis contends that the district court erred by sentencing him under U.S.S.G. § 2A2.2 for aggravated assault instead of U.S.S.G. § 2A2.3 for minor assault. Because the evidence showed that Reevis intended to inflict serious bodily injury on Officer Racine rather than merely frighten him, the district court did not clearly err by applying the aggravated assault guideline. See U.S.S.G. § 2A2.2, comment. (n. 1) (an assault is "aggravated" if it involves the use of "(a) a dangerous weapon with intent to do bodily harm (i.e., not merely frighten), or (b) serious bodily injury, or (c) an intent to commit another felony").
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3