133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry M. TURNER, Plaintiff-Appellant,
v.
Adam BROAD, A.C.O.; Clayton Smith; Vincent Tagupa, A.C.O.;
Paul Santiago, A.C.O.; H. Chai; Michael Miyamoto, A.C.O.;
Jon Kaiser, A.C.O.; Richard Salagado, Sgt.; Keith Chavis;
Tyrone Tyler; John Smyth, Administrator, Defendants-Appellees.
 No. 96-16726.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Terry M. Turner, a Hawaii state prisoner, appeals pro se from judgment for defendants following a bench trial in his 42 U.S.C. § 1983 action alleging that prison officials used excessive force in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's findings of fact and de novo-the district court's conclusions of law. See Fed.R.Civ.P. 52(a); Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). We review for abuse of discretion both the district court's decisions concerning trial management, see United States v. Goode, 814 F.2d 1353, 1354 (9th Cir.1987), and the district court's evidentiary rulings, see United States v. Brooke, 4 F.3d 1480, 1487 9th Cir.1993). We affirm
 
 
 3
 Upon our review of the record, we conclude that the district court's findings of fact are not clearly erroneous and that the district court's conclusions of law are sound. See Magnuson, 85 F.3d at 1427.
 
 
 4
 The district court did not abuse its discretion by ruling that Turner had to stay in shackles during the bench trial. See King v. Rowland, 977 F.2d 1354, 1357 (9th Cir.1992). Insofar as Turner contends the district court required him to wear his prison uniform in the courtroom, the record does not support Turner's contention. Insofar as Turner contends that the district court's decision to keep Turner in shackles deprived Turner of the right to a jury trial, Turner stipulated to a bench trial before the trial started.
 
 
 5
 Although the district court may have erred by making a factual finding concerning the effect of discontinuing Turner's Thorazine where Dr. Granoff admitted he was not an expert on medication, there was sufficient evidence in the record for the district court to conclude that Turner may have been aggressive and Turner never argued that he did not in fact attack defendant Broad.
 
 
 6
 Because Turner had the defendants' interrogatories and admissions available to him during trial and had ample opportunity to impeach the defendants' testimony during direct and cross examination, the district court did not err by not admitting the interrogatories and admissions as evidence.
 
 
 7
 Because Turner did not want to call defendant Kaiser as a witness and the district court admitted those interrogatory answers from Kaiser which Turner wanted admitted, the district court did not err by denying Turner's motion to enter a default judgment against Kaiser for not appearing at trial.
 
 
 8
 Turner presented no evidence that Chief Judge Kay was racially prejudiced against Turner.
 
 
 9
 We reject Turner's remaining contentions as without merit.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. We deny Turner's motion to allow a second petition for writ of habeas corpus filed on November 22, 1996 without prejudice to filing this motion in district court
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 11321 (1996), to this appeal