141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Cynthia Diane GUERRA, Defendant-Appellant.
 No. 97-50104.
D.C. No. CR 96-01622-JNK.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997.
Decided Feb. 11, 1998.
 
 1
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, District Judge, Presiding.
 
 
 2
 Before CANBY and THOMPSON, Circuit Judges, and MOLLOY,** District Judge.
 
 
 3
 MEMORANDUM*
 
 I.
 
 4
 Cynthia Diane Guerra appeals her jury conviction for conspiracy to possess marijuana with intent to distribute, in violation of 21 U .S.C. §§ 846 and 841(a)(1), and possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U .S.C. § 2. She contends (1) there was insufficient evidence to support her conviction; (2) the trial court erred by sealing co-defendant Lurdes Romero-Lopez's plea agreement and colloquy; and, (3) the trial court erred by excluding evidence of Romero-Lopez's previous drug trafficking involvement. We reject these contentions and affirm.
 
 II.
 
 5
 A review of the evidence in the light most favorable to the government shows that the jury could have found beyond a reasonable doubt that Guerra knowingly possessed, and conspired to possess, marijuana with the intent to distribute it. The evidence showed that Guerra willingly traveled for an hour, from Los Angeles to Calexico, to pick up a friend's van. The van contained over 200 pounds of marijuana concealed in hidden compartments. Guerra drove the van and the contraband across the border, into the United States.
 
 
 6
 Evidence also showed that the van had been physically altered in several ways that should have been obvious to the driver. The entire floor was raised four inches, so that the Appellant's head was very near the ceiling when she drove. The back seat was higher than the front. The center console was loose and moved around when shifting gears. The side panels underneath the van's dashboard were different in color, and the screws in the van's interior were not uniform and had tool marks on them. Also, border agents testified that they could smell the strong odor of air freshener from outside the van. The government also testified that Guerra acted nervously when she was stopped and questioned.
 
 
 7
 The jury may draw reasonable inferences from the evidence presented. United States v. Goode, 814 F.2d 1353 (9th Cir.1987). Here, the evidence was sufficient for a jury to reasonably infer that Guerra knew she was transporting marijuana into the United States.
 
 III.
 
 8
 Guerra also claims that the trial court erred by sealing co-defendant Romero-Lopez's plea agreement and colloquy, in violation of Brady v. Maryland, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215 (1963). After reviewing the sealed plea agreement and colloquy of co-defendant Romero-Lopez we conclude that the sealed documents contain no Brady material. The trial court did not err when it sealed the plea agreement and colloquy.
 
 IV.
 
 9
 Lastly, Guerra argues that the trial court erred by not admitting evidence of co-defendant Romero-Lopez's prior arrest on drug charges. Romero-Lopez was previously arrested under similar circumstances when she was the passenger in a car found to contain drugs. Before Romero-Lopez entered a plea agreement, the government intended to introduce evidence of her previous drug activity to show knowledge of the hidden drugs in this instance. The trial court ruled that the government could introduce such evidence under Rule 404(b)of the Federal Rules of Evidence. After Romero-Lopez entered a plea agreement, Guerra then sought to use the evidence of Romero-Lopez's prior arrest for the purposes of showing that Romero-Lopez previously smuggled drugs by convincing an unsuspecting friend to drive a vehicle loaded with contraband.
 
 
 10
 The proffered evidence showed that co-defendant Romero-Lopez had previously been involved with drug smuggling across the Mexican border, but it does not support her theory that she was tricked into driving the van. The accomplice in the prior incident was shown to be a willing participant. Whereas Romero-Lopez' prior arrest is relevant to Romero-Lopez's knowledge of drugs in the van, it is not relevant to Guerra's case because it shows no pattern of enlisting innocent, unsuspecting drivers to smuggle drugs. Thus, the trial court did not abuse its discretion when it excluded evidence of co-defendant Romero-Lopez's prior arrest.
 
 
 11
 AFFIRMED.
 
 
 
 **
 * The panel unanimously finds this case suitable for decision without Oral Argument to Fed. R.App. P. 34(a) Ninth Circuit R. 34
 
 
 **
 Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3