**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cynthia LARSEN, aka Cynthia Perez, Defendant—Appellant.**

No. 05–50025.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2006.*

Filed July 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

rized impairment of a protected computer in violation of 18 U.S.C. § 1030(a)(5)(A)(ii). She argues that there was insufficient evidence for the jury to conclude that she caused more than a $5,000 loss to her victims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo the district court's denial of Larsen's motion for a judgment of acquittal based on the sufficiency of the evidence. *See, e.g., United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002). We will not disturb the jury's verdict if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see United States v. Johnson*, 297 F.3d 845, 868 (9th Cir.2002).

Loss is "any reasonable cost to any victim." 18 U.S.C. § 1030(e)(11). It includes the time that the victim's salaried employees spend responding to the unauthorized intrusion. *United States v. Middleton*, 231 F.3d 1207, 1214 (9th Cir.2000) (holding that the time a company's salaried employees spent responding to the offense multiplied by their hourly wages was sufficient to prove a loss exceeding $5,000).

The government presented evidence that Larsen caused two companies to lose almost $10,000 in direct expenses, computer support expenses, software updates, and employee labor, From this evidence a rational jury could have concluded that Larsen caused more than a $5,000 loss to her victims. We reject Larsen's argument that the government exaggerated the loss by inflating the amount of time employees spent addressing the problem and by including routine computer maintenance ex-

Becky S. Walker, Esq., Wesley L. Hsu, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Edward M. Robinson, Esq., Law Offices of Edward M. Robinson, Torrance, CA, for Defendant–Appellant.

Before: CANBY, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM **

Cynthia Larsen appeals from her jury trial conviction and sentence for unautho-

penses in the loss calculation because that argument turns on the credibility of the government's witnesses, the exclusive province of the jury. *See United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir.1987) (stating that jury's exclusive province is to determine witness credibility).

The district court's judgment is **AFFIRMED**.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.