NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA M. CARROLL, | No. 17-35265 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00223-SLG |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Donna M. Carroll appeals pro se from the district court's judgment after a

bench trial in her Federal Tort Claims Act action alleging battery by a doctor. We

have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district

court's findings of fact. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

843 (9th Cir. 2004). We affirm.

The district court did not clearly err in its factual findings because they were "plausible in light of the record viewed in its entirety." *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently.").

The district court did not abuse its discretion in its trial management decisions, including the mode of cross-examination at trial or allowing a witness to testify by telephone. *See* Fed. R. Evid. 611(a)(1)-(3); Fed. R. Civ. P. 43(a); *see also Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001) (setting forth standard of review); *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("[W]e will reverse a district court's litigation management decisions only if it abused its discretion, or if the procedures deprived the litigant of due process of law within the meaning of the Fifth or Fourteenth Amendments." (citation omitted)); *United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir. 1987) (district court's discretion in conducting trials "is to be limited only when a party's rights are somehow prejudiced").

We reject as unsupported by the record Carroll's contentions that dismissed defendants were required to respond to the summons, that the district court overlooked evidence at trial, and that the district court was biased against Carroll.

17-35265

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**