UNITED STATES of America, Plaintiff–Appellee,

v.

Bernard J. ATKINSON, Defendant–Appellant.

No. 92–50006.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 19, 1992.

Submission Withdrawn Dec. 31, 1992.

Submitted En Banc Jan. 19, 1993 *.

Decided April 5, 1993.

* The en banc court unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

George C. Harris, Morrison & Foerster, San Francisco, CA, for defendant-appellant.

John F. Libby, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, and HUG, SCHROEDER, FARRIS, PREGERSON, POOLE, D.W. NELSON, CANBY, HALL, KOZINSKI and NOONAN, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Bernard J. Atkinson appeals his conviction for personal income tax evasion and corporate income tax fraud under 26 U.S.C. §§ 7201 and 7206(1). At the request of the panel originally assigned this case, we granted en banc consideration of the appropriate standard of review for Atkinson's claim that his conviction is supported by insufficient evidence. 981 F.2d 1109 (9th Cir.1992).

## I

Atkinson was the president and the sole shareholder of Compact Equipment Compa-

ny ("Compact"), which specialized in the conversion of vans to recreational vehicles. In 1984, Atkinson sold his personal residence in Claremont, California, and purchased a home near Lake Tahoe. He demolished the lot's existing structure and began construction of a custom-designed, 4000–square–foot residence on the site. During the construction process, Atkinson utilized Compact funds to pay for architect's fees, materials, and labor. The supervisor of the project and all day laborers were placed on Compact's payroll and also received health benefits from Compact. Purchases of some building materials were invoiced directly to Compact.

Upon completion of the $1.7 million home, Compact had disbursed approximately $550,000 in construction costs. Compact deducted this amount under "costs of good sold" on its corporate income tax return. Atkinson did not report as personal income the amounts paid by Compact for construction of his Lake Tahoe home.

Atkinson was indicted on two counts of personal income tax evasion and three counts of corporate income tax fraud pursuant to 26 U.S.C. §§ 7201 and 7206(1). He entered a plea of not guilty and waived his right to trial by jury. After a bench trial, the district court found Atkinson guilty on all five counts. Atkinson was fined $500,-000 and sentenced to one year in prison and five years probation.

## II

Atkinson argues that there was insufficient evidence to support his convictions. Because he failed to make a motion for acquittal below pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, we must first consider the appropriate standard of review. Ordinarily in reviewing sufficiency of the evidence claims, we review for "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). If a defendant fails to make a motion for ac-

quittal below, however, then he has failed to preserve his right to appeal on the grounds of insufficient evidence. *United States v. Stauffer*, 922 F.2d 508, 511 (9th Cir.1990). When a defendant so waives his sufficiency claim, we review only to correct plain error or to avoid a manifest miscarriage of justice. *Id.*

The Fifth, Sixth, Seventh, and D.C. Circuits have held, however, a plea of not guilty in a bench trial is tantamount to a motion for acquittal. Thus, failure to make such a motion for acquittal will not impede an appeal on a sufficiency of the evidence claim. *See Hall v. United States*, 286 F.2d 676, 677 (5th Cir.1960) ("The plea of not guilty asks the court for a judgment of acquittal, and a motion to the same end is not necessary."), *cert. denied*, 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236 (1961); *accord United States v. Whitlock*, 663 F.2d 1094, 1097 n. 24 (D.C.Cir.1980) (opinion of Robinson, J.); *United States v. Besase*, 373 F.2d 120, 121 (6th Cir.1967); *United States v. Hon*, 306 F.2d 52, 54 (7th Cir.1962).

■ Ordinarily we would not hesitate to express agreement with our sister circuits that a plea of not guilty in a trial to the bench is the functional equivalent of a motion for acquittal in a jury trial. In a bench trial, the judge acting as the trier of both fact and law implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty. A motion to acquit is superfluous because the plea of not guilty has brought the question of the sufficiency of the evidence to the court's attention. The government wisely conceded this point at oral argument. We must, however, first confront our earlier opinion in *United States v. Floyd*, 945 F.2d 1096 (9th Cir. 1991), *amended*, 956 F.2d 203 (9th Cir. 1992).

In *Floyd*, the defendant was indicted for conspiracy to distribute cocaine. After a bench trial, he was convicted on all three counts. Floyd's sole contention on appeal was that insufficient evidence supported his conviction. Because Floyd failed to make a motion for acquittal, the court held

that it could review the sufficiency of the evidence "only for plain error." *Floyd*, 945 F.2d at 1098. The court cited *United States v. Mora*, 876 F.2d 76 (9th Cir.1989), in support of this proposition. *Floyd*, 945 F.2d at 1098. *Mora*, though, involved a defendant's failure to make a motion for acquittal at a jury trial. It appears to us that the import of a motion for acquittal in the particular context of a bench trial was not raised or argued in *Floyd*.

■ We believe that had the court in *Floyd* intended to create a split of the circuits on this issue it would have devoted more attention to the issue. Now that the issue has been raised and fully briefed before this court, we hold that no motion for acquittal is necessary in a bench trial in order to preserve for appeal a challenge to the sufficiency of the evidence. To the extent that the decision in *Floyd* conflicts with this holding, it is overruled.

Having clarified the appropriate standard of review, we return this case to the panel originally assigned the appeal for resolution of the merits of Atkinson's contentions.