21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Toshi Kazu HIGA, Defendant-Appellant.
 No. 93-10282.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Toshi Kazu Higa appeals his conviction following a jury trial for embezzlement in violation of 18 U.S.C. Sec. 656. Higa contends that: (1) the district court erred by excluding the testimony of Higa's wife regarding a bank account passbook belonging to the Higas during the time he was accused of embezzling funds; and (2) the evidence was insufficient to support the jury's guilty verdict. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 Exclusion of Testimony
 
 3
 Higa contends that the district court erred by refusing to admit evidence from Higa's wife on a bank passbook owned by the couple during the period Higa was accused of embezzling funds. This contention lacks merit.
 
 
 4
 A trial court's decision to exclude testimony and evidence as irrelevant is reviewed for abuse of discretion. United States v. Rubio-Topete, 999 F.2d 1334, 1338 (9th Cir.1993). Evidence is relevant if it has any tendency to make the existence of any material fact more or less probable, and only relevant evidence is admissible in court. Fed.R.Evid. 401, 402.
 
 
 5
 Here, Higa made a motion in limine to call his wife as a witness to testify about their financial status and the contents of a bank account passbook. The government responded by stating that it advanced no theory of general unexplained pecuniary gain or net worth to show embezzlement and the testimony was irrelevant since it believed it could show Higa's embezzlement without ever seeing his bank passbook, and the prosecution bears the burden of proof. The court ruled that the proffered evidence was irrelevant. The prosecution proceeded to present its case based solely on the loan documents and payments Higa received, the testimony of the bank teller who gave Higa money back from loan payments, and the debtors who believed they had paid their loans off in full to Higa.
 
 
 6
 Given the parameters of the government's case, the proffered evidence was irrelevant. It was not probative or reliable as evidence of not embezzling as there is no limit to the bank accounts a single person may have nor to the places they may hide money. See Fed.R.Evid. 401, 402. Therefore, the district court did not abuse its discretion by denying Higa's request to admit his wife's testimony. See Rubio-Topete, 999 F.2d at 1338.
 
 Sufficiency of the Evidence
 
 7
 Higa contends the evidence was insufficient to establish that he embezzled bank funds beyond a reasonable doubt. This contention lacks merit.
 
 
 8
 Usually the sufficiency of the evidence is reviewed in the light most favorable to the prosecution, to see whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Atkinson, 990 F.2d 501, 502 (9th Cir.1993). However, if the defendant fails to make a motion for acquittal below, he has failed to preserve his right to appeal on the grounds of insufficient evidence, and this court will only review to correct plain error or to avoid a manifest miscarriage of justice. Id. at 502-03. In addition, the reviewing court must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987).
 
 
 9
 Higa did not make a motion for acquittal in the district court. He argues however, that the witnesses' testimony of paying him their loan amounts and then being billed months later for amounts due on their previously paid off loans was insufficient to connect him to the missing amounts of money beyond a reasonable doubt.
 
 
 10
 The credibility of the witnesses' accounts of paying Higa and the inferences to be drawn from the proven fact that Higa was involved in all the transactions are the exclusive province of the jury. See Goode, 814 F.2d at 1355. The jury's decision to convict Higa was neither plain error nor a manifest miscarriage of justice. See Atkinson, 990 F.2d at 502-03.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, Higa's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3