45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Anthony R. JONES, Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 94-15058.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1994.
Decided Dec. 27, 1994.
 
 Before: HUG, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Anthony R. Jones appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions for second degree murder and false imprisonment. On appeal, Jones advances the following claims: (1) that the district court erred in partially granting the government's motion to dismiss; (2) that his conviction is not supported by sufficient evidence; and (3) that his Sixth Amendment right to effective assistance of counsel was violated. We have jurisdiction under 28 U.S.C. Sec. 2253 and review de novo the district court's denial of Jones' habeas petition. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). We affirm.
 
 PROCEDURAL BAR
 
 3
 Jones first contends that the district court erred in partially granting the government's motion to dismiss. During the trial, Jones' counsel failed to object to the admission of certain evidence, including evidence on the statistical frequency of genetic markers, and the validity of electrophoretic blood typing as performed in this case. The California Supreme Court denied Jones' claims based on this evidence because it concluded that any challenge was procedurally barred.[1] Because the procedural default constitutes an independent and adequate state law ground of decision, we are precluded from reviewing the merits unless Jones "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). We agree with the district court that Jones has failed to show either cause, prejudice, or that failure to consider the claims will result in a miscarriage of justice.
 
 SUFFICIENCY OF THE EVIDENCE
 
 4
 Jones' claim that there is insufficient evidence to uphold his conviction is similarly without merit. Although the evidence is circumstantial, it is clear that "viewing the evidence in the light most favorable to the prosecution," a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Atkinson, 990 F.2d 501, 502 (9th Cir.1993) (en banc ) (citations omitted). Indeed, as the district court noted, the evidence of Jones' guilt is "persuasive if not overwhelming." Jones was seen fighting with Lane before she died. It was determined that the victim had been robbed of a large sum of money and rock cocaine, and Jones had a large some of money and several rocks of cocaine in his possession on the night Lane disappeared. And a non-electrophoretic blood test established that the blood on Jones' pants and boot matched Lane's blood type and not Jones'.
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 5
 Finally, we are not persuaded that Jones suffered from ineffective assistance of counsel. While Jones' counsel may have made some mistakes, they are insufficient to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Strickland v. Washington, 466 U.S. 668, 689 (1984). Moreover, Jones has failed to show that he suffered actual prejudice. Even had Jones' counsel done the things that Jones now complains of her not having done, there is no reason to believe that the result would have been different. Jones' petition for habeas corpus is thus denied.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The California Supreme Court summarily dismissed Jones' petition. We thus presume that the California Supreme Court denied the petition for the same reasons articulated by the Court of Appeals. Ylst v. Nunnemaker, 501 U.S. 797, 803-804 (1991)