86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando OCHOA-PINEDA, Defendant-Appellant.
 No. 95-30173.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided May 21, 1996.
 
 Before: REINHARDT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government argues that we must review for plain error because defendant failed to make a motion for acquittal at the end of the evidence. However, "no motion for acquittal is necessary in a bench trial in order to preserve for appeal a challenge to the sufficiency of the evidence." United States v. Atkinson, 990 F.2d 501, 503 (9th Cir.1993) (en banc).
 
 
 3
 There was sufficient evidence to support a finding that defendant possessed the methamphetamine found on the counter and in the boiling water. The defendant was the only occupant of the apartment when the police arrived. The methamphetamine on the counter was in plain sight. The methamphetamine in the boiling water needed constant attention. See United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991) (possession requires proof of dominion and control over drug), cert. denied, 502 U.S. 1100 (1992). There was sufficient evidence to find intent to distribute: The methamphetamine was in quantities too large for personal use and was in the process of being diluted.
 
 
 4
 There was not sufficient evidence to support a finding that defendant possessed the methamphetamine and heroin found in the gym bag, however. Nothing connected the gym bag to the defendant. See United States v. Earl, 27 F.3d 423, 425-26 (9th Cir.1994) (mere proximity to drugs not enough to prove possession).
 
 
 5
 AFFIRMED in part, REVERSED in part, sentence VACATED, REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3