139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sarah WILLNER; Karen Zelch; Jill Ondrey; Troy Jones;
Gary McFarland; Gregory Mack; Rein Attemann; Otis Wright;
Michael Bowersox; Zachery Griefen; Adams Wood; Allan
Liiv, Defendants-Appellants.
 No. 97-30061.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1998.
Feb. 13, 1998.
 
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, Chief District Judge, Presiding.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Nez Perce Forest Supervisor, in response to many protests concerning the Jack Timber Sale, signed an order closing a portion of the sale site. The closed area included portions of Forest Road 9553 and areas along its sides.
 
 
 3
 At approximately 6:50 a.m. on August 17, 1995, workers approaching the sale site found Forest Road 9553 blocked with debris and, beyond the debris, a makeshift table and two 25-30 foot tripods made of logs. Defendants BOWERSOX and ZELCH were chained to the table. Defendants WOOD and WRIGHT sat on top of the tripods. Defendants MACFARLANE and MACK were locked to a leg of one of the tripods. Defendants LIIV, ATTEMAN, GRIEFEN, JONES, and ONDREY were observing in the immediate vicinity.
 
 
 4
 One of the workers radioed his office for law enforcement assistance. Law enforcement arrived at around 12:30 p.m. They were notified by another worker that he had caught defendant WILLNER some distance away. They informed the defendants that if they identified themselves and left the area they would not be arrested. The defendants refused to leave. They were arrested and charged with placing their bodies in the roadway in such a way as to be an impediment in violation of 36 C.F.R. § 261.10(f) (Count I) and violating the closure order (Count II).
 
 
 5
 After a bench trial, the magistrate found all but defendant WILLNER guilty of Count I and all defendants guilty of Count II. He found that the five defendants in the immediate area of the barricade were aiders and abettors to the six defendants in the roadway. The district court affirmed the convictions on Count I and reversed the convictions on Count II. The defendants now appeal their convictions and sentences on Count I.
 
 
 6
 1. The district court did not err in ruling that a person's body was an "object" under 36 C.F.R. § 261.10(f).
 
 
 7
 36 C.F.R. § 261.10(f) proscribes on a forest service road "[p]lacing a vehicle or other object in such a manner that it is an impediment or hazard to the safety or convenience of any person." (emphasis added). The district court found that a body was an object within the meaning of the statute. We review questions of law de novo. Torres-Lopez v. May, 111 F.3d 633, 638 (9th Cir.1997).
 
 
 8
 Appellants contend that "[t]he regulation's specific reference to 'vehicle' indicates an intent to apply the regulation to instances where a person places some inanimate object as an impediment." Opening Brief at 25. Citing two principles of statutory construction,[1] appellants' argue that "other objects" must be limited to objects of the same general nature as a "vehicle." Appellants do not offer a description of "other objects" that would comport with the general nature of a "vehicle."
 
 
 9
 The district court was correct in determining that the regulation's reference to "vehicle" does not signal an intent by the drafters to limit "other objects" to those with characteristics associated with a vehicle. We think that "other objects" means any other object. Certainly, the drafters envisioned that piling large stones on the road to prevent thoroughfare would violate the regulation. However, a pile of stones shares very few characteristics with a vehicle. At the very least, the use of the word 'vehicle', does not, as the appellants contend, create a dichotomy based on animateness in defining what is meant by "other objects." Merely listing one possible impediment, a vehicle, does not allow us to determine the general nature of what is described as "other objects." Thus, the principles of statutory construction cited by appellants are inapplicable.
 
 
 10
 Furthermore, we agree with the district court that the regulation is not ambiguous. The purpose of the regulation is to prevent the impeding of forest service roads. The nature of the object employed as an impediment is irrelevant. Because the regulation is not ambiguous, the rule of lenity does not apply. Moskal v. United States, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990). The district court did not err in determining that a body could be an impediment under the regulation.
 
 
 11
 2. The government produced evidence sufficient to prove the appellants' guilt beyond a reasonable doubt.
 
 
 12
 Appellants argue that the government failed to produce evidence sufficient to prove their guilt beyond a reasonable doubt. There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Atkinson, 990 F.2d 501, 502 (9th Cir.1993) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
 
 
 13
 As to appellants WOOD and WRIGHT, who were on top of the tripods in the road, MACK and MACFARLANE, who were locked to one of the tripods in the road, and BOWERSOX and ZELCH, who were chained to the table in the road, there was ample trial testimony that they blocked the forest service road. Based on this testimony, a rational trier of fact could have found beyond a reasonable doubt that these appellants impeded the road in violation of 36 C.F.R. § 261.10(f).
 
 
 14
 The district court convicted the five other appellants as aiders and abettors. A conviction of aiding and abetting requires that the defendant knowingly and intentionally aided, counselled, commanded, induced, or procured the principal in committing the underlying offense. See United States v. Andrews, 75 F.3d 552, 555 (9th Cir .1996). "While mere presence at the scene [of an offense] is insufficient to support a conviction of aiding and abetting, the jury can infer intent from circumstantial evidence." Id. (internal citation omitted). In addition, circumstantial evidence and reasonable inferences are sufficient to sustain a conviction. United States v. Baker, 10 F.3d 1374, 1418 (9th Cir.1993).
 
 
 15
 Trial testimony showed that considerable effort had been expended to pile debris on the roadway, to construct the tripods and table, and to position the six of the appellants at the tripods and table. The evidence also showed that the other five appellants were found either in the roadway or immediately adjacent to the barricade. When they were asked to leave the area, they refused. Viewing the evidence in the light most favorable to the government and drawing reasonable inferences therefrom, the evidence is sufficient to support the conviction.
 
 
 16
 3. The district court did not err by foreclosing presentation of a necessity defense.
 
 
 17
 Appellants argue that the district court erred in preventing their presentation of a necessity defense. We review de novo a district court's decision to bar a necessity defense. United States v. Springer, 51 F.3d 861, 864 (9th Cir.1995).
 
 
 18
 To invoke a necessity defense, a defendant must make a colorable showing that: "(1) they were faced with a choice of evils and chose the lesser evil; (2) they acted to prevent imminent harm; (3) they reasonably anticipated a direct causal relationship between their conduct and the harm to be averted; and (4) they had no legal alternatives to violating the law." United States v. Schoon, 971 F.2d 193, 195 (9th Cir.1992). A court may preclude invocation of the necessity defense if any of the four elements is not sufficiently proved. Id.
 
 
 19
 We find that appellants failed to prove that they had no legal alternatives to direct civil disobedience. Appellants could have brought challenges in district court. These challenge could have included injunctions to prevent presently occurring harm. Appellants argue that the use of civil litigation "ignores the reality of the situation" because the "harm is occurring at the very moment of the action...." Appellants' Opening Brief at 33. Under appellants' reasoning, it would never be necessary to seek help from the courts because such a course of action would not instantaneously stop the harm. Because we find that appellants had viable legal alternatives to civil disobedience, we need not address the other factors articulated in Schoon. Id. The district court did not err in barring a necessity defense.
 
 
 20
 4. The district court did not err in finding that the actions by the Forest Service and law enforcement officials did not amount to outrageous conduct requiring dismissal of the charges.
 
 
 21
 Appellants argue that the Forest Service and law enforcement engaged in outrageous government conduct requiring dismissal of the charges. In support of this argument, appellants allege the following conduct: (1) the Forest Service refused to meet with appellants to engage in dialogue, (2) the Forest Service has made it difficult for appellants to obtain information regarding the violations of environmental standards through closure orders and other means, (3) a law enforcement officer kicked one of the tripods while a person sat atop it, and (4) law enforcement officials did not arrive at the scene until several hours after they were called.
 
 
 22
 The foregoing conduct does not constitute outrageous government conduct under the case law. "The outrageous government conduct defense is available only when 'the government is so involved in the criminal endeavor that it shocks our sense of justice.' " United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (quoting United States v. So, 755 F.2d 1350, 1353 (9th Cir.1985)). "Law enforcement conduct becomes constitutionally unacceptable when 'the police completely fabricate the crime solely to secure the defendant's conviction.' " Id. (quoting United States v. Emmert, 829 F.2d 805, 811 (9th Cir.1987)). In each of the cases cited by appellants, the government was intertwined in the criminal endeavor. No such conduct was present here.
 
 
 23
 5. The district court did not err in imposing fines due immediately or in ordering the payment of interest on the fines.
 
 
 24
 The court fined each appellant $250.00. Appellants argue that the court erred in ordering the fines payable immediately without individualized findings of their present ability to pay such fines. The appellants point to no legal authority that precludes a court from ordering a fine due and payable immediately. "We review for clear error the district court's factual determination that the defendant can afford to pay the fine imposed." United States v. Nazifpour, 944 F.2d 472, 475 (9th Cir.1991). A defendant bears the burden of proof to demonstrate that he cannot pay the fine imposed. Id.
 
 
 25
 The appellants did not prove inability to pay. The magistrate judge found that most of the appellants had college degrees and that all were physically able to work, and thus that they would be able to pay the fines. The district court found that the magistrate made the requisite findings and that the appellants did not challenge those findings. The findings were not clearly erroneous.
 
 
 26
 Finally, appellants argue that the district court was without authority to affirm the magistrate's imposition of interest on the fines. Appellants state that 18 U.S.C. § 3612(f)(1) provides for interest only on fines exceeding $2,500.00. In response to this argument, the district court correctly noted that that statutory provision requires interest to be paid on any fine exceeding $2,500.00, but does not preclude a court from ordering interest on a lesser fine.
 
 
 27
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 Appellants cite the principles of ejusdem generis (when a general term follows the enumeration of specific terms, the general term is held to apply to things of the same general nature or kind as those enumerated), see Melugin v. Hames, 38 F.3d 1478, 1486 (9th Cir.1994), and expressio inclusio unius est exclusio alterious (the expression of one is the exclusion of the other)