**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan Gregorio MARTINEZ–VASQUEZ,
Defendant—Appellant.**

**No. 04–50393.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2005.*

Decided June 14, 2005.

Heidi L. Rummel, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Yolanda M. Barrera, Esq., Arcadia, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TROTT, W. FLETCHER,
Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Juan Gregorio Martinez–Vasquez appeals his conviction in a bench trial for knowingly transporting two illegal aliens within the United States in furtherance of their violation of immigration law, 8 U.S.C. § 1324(a)(1)(A)(ii). Martinez–Vasquez argues that the government failed to prove the "in furtherance" element of the offense because his conduct did not have a direct and substantial relationship to furthering the illegal aliens' presence in the United States. We affirm the conviction.

Claims of insufficient evidence are reviewed de novo when the defendant has pled not guilty in a bench trial. *United States v. Atkinson,* 990 F.2d 501, 503 (9th Cir.1993) (en banc). In reviewing a sufficiency of the evidence claim, this court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 502 (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Under 8 U.S.C. § 1324(a)(1)(A)(ii), it is illegal for any person who, "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law." 8 U.S.C. § 1324(a)(1)(A)(ii). To sat-

isfy the "in furtherance" element of a § 1324(a)(1)(A)(ii) violation, the government must prove that Martinez–Vasquez "knowingly transported the aliens in order to help them to remain in the United States illegally." *United States v. Angwin,* 271 F.3d 786, 805 (9th Cir.2001). However, the government need not prove by direct evidence a defendant's intent to further the presence of an illegal alien. *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1023 (9th Cir.2000); *see also United States v. Hernandez–Franco,* 189 F.3d 1151, 1155 (9th Cir.1999) ("[C]ulpable intent ... can be inferred from the defendant's conduct and from the surrounding circumstances.") (internal quotation marks and citation omitted). The government must also establish "a direct or substantial relationship between that transportation and its furtherance of the alien's presence in the United States." *United States v. Moreno,* 561 F.2d 1321, 1323 (9th Cir.1977).

Sufficient evidence existed to support the trial court's finding that Martinez–Vasquez acted with the intent to help his passengers remain in the United States illegally. The parties stipulated that Martinez–Vasquez knew that his passengers were illegal aliens. A rational factfinder could have concluded that by driving away from a residence where immigration authorities were conducting a search and offering to take his passengers to a hotel for the night, Martinez–Vasquez intended to help his passengers remain in the United States, and his conduct had a direct and substantial relationship to the furtherance of the aliens' illegal presence. We therefore find sufficient evidence to support the

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.