**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>LEORN DINKINS, JR.,<br><br>Defendant - Appellant. | No. 07-50377<br><br>D.C. No. CR-05-00801-GHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted November 3, 2009
Pasadena, California

Before: SCHROEDER, SILER,[**] and IKUTA, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Based on three drug transactions, Defendant Leorn Dinkins was charged with three counts of distributing cocaine base, commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(iii). Two counts charged him with distributing 50 or more grams of cocaine base, and one count charged him with distributing between five and 50 grams of cocaine base. Dinkins pled guilty to all three counts, with the quantity of cocaine base to be determined at a bench trial.

The district court heard evidence at the bench trial from a DEA forensic chemist and a defense expert regarding the different initial and subsequent weights of the drugs. The drugs obtained in two transactions were initially recorded as weighing in excess of 50 grams, while the drugs from all three transactions weighed less than 50 grams when reweighed. Dinkins argued that he distributed between five and 50 grams on all three counts consistent with the reweighs, rather than 50 or more grams on two of the counts based on the initial weight of the drugs. The district court found both experts credible and relied on Dinkins' statements at the time of the sale to find the initial, larger weight accurate and to conclude beyond a reasonable doubt that Dinkins distributed 50 or more grams of cocaine base in two of the transactions. Based on this finding, the district court sentenced Dinkins to the mandatory statutory minimum of 240 months' incarceration.

We review the sufficiency of the evidence supporting Dinkins' responsibility for 50 or more grams of cocaine base de novo, because he sufficiently preserved this issue for review. *See United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (holding a motion for acquittal was not necessary at a bench trial because the fact that the defendant did not change his plea to guilty was sufficient to seek acquittal). We review the evidence in the light most favorable to the prosecution to determine whether any rational factfinder could have found Dinkins distributed 50 or more grams of cocaine base. *See United States v. Bishop*, 959 F.2d 820, 829 (9th Cir. 1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because we conclude the district court did not err in finding beyond a reasonable doubt that Dinkins distributed 50 or more grams, we need not decide whether it could have made this finding by a preponderance of the evidence.

Dinkins' own statements and the testimony of chemist Terry Caldwell regarding the quantity of cocaine base provide a reasonable basis for the district court to have concluded that Dinkins distributed 50 or more grams of cocaine base. Dinkins twice claimed to sell two ounces (approximately 56.7 grams) of cocaine base. The district court found these statements credible in light of the fact that Dinkins previously insisted on being paid for less than two ounces because that was all he had available. The district court also noted that "shorting" would be a dangerous and unsuccessful

business practice. We give special deference to the district court's credibility determinations, *United States v. Haswood*, 350 F.3d 1024, 1028 (9th Cir. 2003), and conclude that this evidence was sufficient to hold Dinkins accountable for distributing 50 or more grams of cocaine base. These weights were corroborated by Caldwell's analysis. Finally, cases such as *United States v. Gonzalez*, 528 F.3d 1207, 1215 (9th Cir. 2008), are inapposite because they deal with a district court's approximation of drug quantities from circumstantial evidence, which was not at issue in this case.

AFFIRMED.