**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON ALTON CONLEY,

Defendant - Appellant.

No. 13-10312

D.C. No. 2:12-cr-00077-JAM-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 7, 2014**
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

A jury convicted Appellant Brandon Conley of manufacturing at least one

hundred marijuana plants under 21 U.S.C. § 841(a)(1) and possessing a firearm in

connection with a drug trafficking crime under 18 U.S.C. § 924(c)(1). The district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court sentenced Conley to two consecutive five-year terms. Conley timely appealed.

The district court did not err in finding that Conley was not in custody for *Miranda*[1] purposes when law enforcement agents questioned him in his front yard because the brief, casual encounter did not create a "police-dominated atmosphere." *See United States v. Craighead*, 539 F.3d 1073, 1084 (9th Cir. 2008) (listing factors relevant to whether a suspect is in custody in his home). Though the agents held the ammunition from Conley's handgun and told Conley to stay in his front yard while they spoke with another suspect, these restrictions on his freedom of movement did not rise to a de facto arrest requiring *Miranda* warnings. *See United States v. Woods*, 720 F.2d 1022, 1029–30 (9th Cir. 1983) (holding that brief questioning during an investigatory detention was not custodial).

Nor did the district court abuse its discretion in declining to remove juror number two. When defense counsel pointed out the juror's habit of closing his eyes, the court examined the juror on the record. Having satisfied itself that the juror's lapses lasted only a few seconds, the court's conclusion that the juror had not been sleeping was within its discretion. *See United States v. Springfield*, 829 F.2d 860, 864 (9th Cir. 1987) (holding that the district court did not abuse its

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

discretion in determining that a sleeping juror did not miss substantial testimony).

The evidence, viewed in the light most favorable to the Government, was sufficient to support Conley's conviction of possessing a firearm in furtherance of a drug trafficking crime. Because Conley did not challenge the sufficiency of the evidence as to the possession element before the district court, we review only for plain error or a miscarriage of justice. *See United States v. Atkinson*, 990 F.2d 501, 502–03 (9th Cir. 1993) (en banc). No miscarriage of justice resulted from the jury's conclusion that Conley possessed the rifle or the shotgun, or both. The jury could infer that Conley exercised control over the weapons from his codefendant's testimony that Conley gave him permission to use them to protect the grow operation. *See United States v. Espinosa*, 827 F.2d 604, 614 & n.6 (9th Cir. 1987) (defining constructive possession).

The district court did not err in finding the evidence sufficient to support the "in furtherance" element. The testimony produced at trial showed that Armenta used the weapons in his role of protecting the marijuana from intruders, permitting the jury to conclude that Conley possessed the weapons in furtherance of a drug trafficking crime. *See United States v. Hector*, 474 F.3d 1150, 1156 (9th Cir. 2007) (stating the elements of the offense defined in 18 U.S.C. § 924(c)(1)).

Lastly, the district court did not plainly err in failing to instruct the jury that

it must agree unanimously as to which specific firearm or firearms Conley possessed. *See United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012) (reviewing instructions for plain error where the defendant did not object at trial). Jury unanimity as to which of the two firearms Conley possessed was not required, and the district court did not plainly err in failing to give a specific unanimity instruction. *See Richardson v. United States*, 526 U.S. 813, 817 (1999) (noting that the jury need not agree as to the means by which an element of the offense was satisfied).

The judgment of the district court is **AFFIRMED.**