**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>  v.<br><br>JOSE GILES-RODRIGUEZ,<br><br>  Defendant - Appellant. | No. 15-50222<br><br>D.C. No. 3:14-cr-02356-GPC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 7, 2015[**]
Pasadena, California

Before: PREGERSON, D.W. NELSON, and CALLAHAN, Circuit Judges.

Jose Giles-Rodriguez ("Giles") appeals his bench-trial convictions for

improper entry by an alien in violation of 8 U.S.C. § 1325 and reentry after

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal in violation of 8 U.S.C. § 1326(a) and (b) and his subsequent sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Giles makes three contentions on appeal: (1) there was insufficient evidence to support his convictions, (2) his sentence was substantively unreasonable, and (3) the district court erred in imposing a term of supervised release without considering that the sentencing guidelines now recommend no supervised release for illegal entry cases, and thus the term constituted an upward departure or variance requiring explanation.

**1**. We review a claim of insufficient evidence de novo. *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (en banc); *United States v. Tucker*, 641 F.3d 1110, 1118 (9th Cir. 2011). "We determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker*, 641 F.3d at 1118–1119 (quotations and citations omitted). The only element of the charges Giles contested at trial was whether he knew he was in the United States.

A rational trier of fact could have found Giles knew he was in the United States. The border patrol agent testified that he found Giles crouching in a bush. The district court determined that the border patrol agent's testimony was credible

2

because it was corroborated by a second agent, a scope operator. It found Giles's testimony that he was standing self-serving and not credible, as it was surrounded by an unusual story that he was goat herding for a friend only identified as "Fernando." The district court further found that Giles crouching in a bush evidenced consciousness of guilt, and demonstrated that he knew he was in the United States. Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence to support Giles's convictions.

**2**. We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "[A] Guidelines sentence will usually be reasonable." *Id*. at 994 (quotations omitted). Giles's sentencing guideline range was 15-21 months. The district court evaluated the 18 U.S.C. § 3553(a) sentencing factors. It noted that there was nothing unusual or aggravated with respect to the offense conduct, that Giles had several previous serious offenses, that he had previously been deported and had not been deterred from returning, and that Giles's testimony was "incredible." Then, "[c]onsidering all of those circumstances," the district court imposed a sentence of 19 months incarceration with 2 years of supervised release. The application and explanation of the 18 U.S.C. § 3553(a) factors demonstrate that the district court did not abuse its discretion.

**3**. Giles challenges the imposition of supervised release for the first time on appeal. Thus, we review for plain error. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2014). Giles contends that because the guidelines discourage supervised release where the defendant is a deportable alien, its imposition is an upward departure. U.S.S.G. § 5D1.1(c) ("[t]he court ordinarily should not impose a term of supervised release in a case in which . . . the defendant is a deportable alien"). However, the commentary to the guidelines further states that "[t]he court should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection." U.S.S.G. § 5D1.1, cmt. n.5. The district court noted that Giles had two previous immigration-related offenses and had received a 70-month sentence and a 25-month sentence, which provided "some measure of what it would take to convince Mr. Giles to avoid returning to the United States." The district court identified and explained the necessity of deterrence in Giles's sentence, thus there was no departure and no plain error. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012).

The district court's judgment and sentence are **AFFIRMED.**