NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30067 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 6:18-cr-00010-CCL-2 |
| JAMIE NICOLE MILSTEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted May 14, 2020**
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,*** District
Judge.

Plaintiff Jamie Milsten appeals the district court's denial of her motion for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

judgment of acquittal.  We review the sufficiency of the evidence supporting her conviction de novo, but our review is highly deferential to the government.  *United States v. Tucker*, 641 F.3d 1110, 1118–19 (9th Cir. 2011).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Prior to her appeal, a unanimous jury found Milsten guilty on three counts: Count I—conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a); Count II—robbery affecting commerce, in violation of 18 U.S.C. § 1951(a); and Count III—possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Milsten was also charged in Counts II and III with aiding and abetting in violation of 18 U.S.C. § 2 and under a *Pinkerton* liability theory.  Milsten moved for a judgment of acquittal as to Counts II and III, and the district court denied her motion.

On appeal, Milsten raises three main arguments.  First, she alleges that the government failed to prove the interstate commerce element of Hobbs Act robbery.  Second, she argues that the district court improperly directed the verdict by issuing its jury instructions.  Third, she contests the sufficiency of the evidence used to convict her on Count III, and she alleges that a Hobbs Act robbery cannot serve as the predicate crime of violence under § 924(c)(3)(A) or (B).

Milsten contends that the government failed prove the commerce element of the Hobbs Act robbery because, while she deliberately attempted to rob a drug dealer, and stole both drugs and money, the drugs she took were not actually the drug dealer's and the drug dealer's money she took was not actually drug proceeds. She argues that she was charged with and convicted of robbery, not *attempted* robbery, and her intentional targeting of a drug dealer did not "affect commerce."

Milsten misconstrues what the Supreme Court said is necessary to "affect commerce" under the Hobbs Act. In *Taylor v. United States*, the Supreme Court explained that "a robber necessarily affects or attempts to affect commerce over which the United States has jurisdiction" when she "target[s] a drug dealer." 136 S. Ct. 2074, 2077–78 (2016). "The language of the Hobbs Act is unmistakably broad. It reaches any obstruction, delay, or other effect on commerce, even if small, and the Act's definition of commerce encompasses 'all ... commerce over which the United States has jurisdiction.'" *Id*. at 2079 (quoting 18 U.S.C. § 1951(b)(3)). Milsten does not contest that Lovett was a drug dealer, and she does not refute that there is evidence that she targeted Lovett during the robbery with the intent to take money and drugs from him. "By targeting a drug dealer in this way, a robber necessarily affects or attempts to affect commerce over which the United States has jurisdiction." *Id*. at 2078. Whether she was charged with an attempted crime or not, Milsten's attempt to rob a drug dealer satisfies the "affecting commerce" element of

the Hobbs Act. *See id.* (holding that evidence satisfied the commerce element when Taylor "was convicted on two Hobbs Act counts based on proof that he attempted to rob marijuana dealers").

Milsten next argues that the district court abused its discretion when it instructed the jury about Hobbs Act robbery because the instruction improperly directed the verdict and misstated the elements of the crime. Her second argument is just a repackaging of her first; she contends that the Hobbs Act is not violated, and commerce is not affected, unless she stole drugs or drug proceeds *from a drug dealer*. But the jury instructions issued by the district court were in lockstep with *Taylor*. As the Supreme Court instructed, the government need not show that Milsten stole drugs or drug proceeds from Lovett. *See id.* at 2077–78. The jury instruction properly tracked what the government needed to prove under *Taylor*— that Milsten *targeted* Lovett (a drug dealer) and *stole* drugs or money. It did not need to prove she targeted Lovett *and* stole drugs or drug money *from Lovett*. "[T]he prosecution in a Hobbs Act robbery case satisfies the Act's commerce element if it shows that the defendant robbed or *attempted to rob a drug dealer* of drugs or drug proceeds" because "targeting a drug dealer in this way … necessarily affects or attempts to affect commerce over which the United States has jurisdiction." *Id.* (emphasis added). This is true regardless of whether the offender actually succeeds in robbing the drug dealer of drugs or drug proceeds. No separate charge of

4

attempted robbery is necessary because by *attempting* to rob a drug dealer, Milsten satisfies the *commerce* element of a Hobbs Act robbery, and by *succeeding* in taking drugs (whether the drug dealer's or not) and a drug dealer's money (whether drug proceeds or not), she satisfied the "the unlawful taking or obtaining of personal property from the person or in the presence of another" element of Hobbs Act robbery. 18 U.S.C. § 1951(b)(1). The district court did not abuse its discretion when it administered jury instructions that mirrored *Taylor*.

Finally, Milsten argues that Hobbs Act robbery is not a crime of violence and that the jury had insufficient evidence to convict her of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). She is wrong. As we recently recognized, "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020).

In addition, Milsten was convicted of "possession of a firearm in furtherance of a crime of violence" under the theory of aiding and abetting. Viewed in the light most favorable to the prosecution, the evidence shows that Milsten's partner brandished a firearm while Milsten took Lovett's money and a small quantity of drugs from a bystander. Based on this evidence, "*any* rational trier of fact could have found the essential elements of [possessing a firearm in furtherance of a crime of violence] … beyond a reasonable doubt" by concluding from the evidence that

Milsten knowingly and intentionally aided and abetted her armed partner. *United States v. Andrews*, 75 F.3d 552, 555 (9th Cir. 1996) (citing *United States v. Atkinson*, 990 F.2d 501, 502 (9th Cir. 1993) (en banc)).

The district court properly denied Milsten's motion.

**AFFIRMED**.