**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50119 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00315-FMO-1 |
| v. | |
| MICHAEL D. OMONDI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted April 1, 2020[**]
Pasadena, California

Before: BEA and BADE, Circuit Judges, and Y. GONZALEZ ROGERS,[***] District Judge.

Defendant-Appellant Michael D. Omondi appeals his misdemeanor

conviction for unlawful entry onto Vandenberg Air Force Base ("Vandenberg"), in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, sitting by designation.

violation of 18 U.S.C. § 1382. A magistrate judge found Omondi guilty of the offense following a bench trial, and the district court upheld that conviction after Omondi's initial appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction.

1. Omondi first argues that the government failed to introduce evidence sufficient to find him guilty of violating § 1382. "We review challenges to the sufficiency of evidence, including questions of statutory interpretation, de novo." *United States v. Aldana*, 878 F.3d 877, 880 (9th Cir. 2017) (citation omitted).[1] "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Section 1382 provides in relevant part that: "[w]hoever . . . goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation . . . [s]hall be fined under this title or imprisoned not more than six months." 18 U.S.C. § 1382.

---

[1] Although Omondi did not file a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29, his plea of not guilty placed the issue before the magistrate judge for purposes of his bench trial. *See United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993). Thus, we need not review for plain error. *See id.*

The government need not prove that a defendant acted with a specific intent. *See United States v. Mowat*, 582 F.2d 1194, 1203 (9th Cir. 1978). Rather, "[w]here entry alone is the basis of the violation," the government must prove only that the defendant knew that "the entry [was] unauthorized." *United States v. Cottier*, 759 F.2d 760, 762 (9th Cir. 1985); *see also United States v. Patz*, 584 F.2d 927, 929 (9th Cir. 1978) ("The usual situation in which 18 U.S.C. § 1382 is applicable is that in which the entry is with knowledge that the facility has been closed to the public by properly promulgated regulations of the military commander. Such an entry is for a 'purpose prohibited by regulation.'").

That is precisely what happened here. As with many military sites, Vandenberg is a "closed" installation by order of its Base Commander (the "Commander") issued pursuant to 50 U.S.C. § 797 and 32 C.F.R. § 809a. The order provides for two exceptions: (1) a limited right-of-way easement for local highways; and (2) a designated protest area on the base. Relevant here, a painted green line and a highway demarcate the protest area. Thus, although the Commander permits members of the public—in certain instances and subject to restrictions—to access this designated portion of the base, the rest of the base remains closed at all times.

On the date of Omondi's offense, a crowd permissibly gathered in the protest area. But, as testimony, photographs, and video presented by the

3

government established, Omondi left that designated area by himself and crossed over the painted green line. As Omondi left that area, he passed a large sign indicating he was entering a restricted portion of the base, and after walking nearly 100 yards, he approached a line of officers standing shoulder-to-shoulder blocking any further entry into the base. Lastly, the government introduced evidence that Omondi was arrested on three previous occasions for illegally entering Vandenberg. Viewed in the light most favorable to the government, the evidence as a whole was sufficient to find Omondi guilty of the offense beyond a reasonable doubt.[2]

Omondi's arguments to the contrary fail to persuade us otherwise. Omondi argues that the government cannot prove that he knowingly entered Vandenberg without authorization because he *was in fact* authorized to enter the protest area. Put differently, Omondi asks this court to hold that § 1382 loses all applicability once a defendant steps onto a military installation with authorization. If Omondi is correct, § 1382 would afford him free reign to access the most sensitive portions of Vandenberg because the Commander permitted him to protest in a designated portion of the base. We disagree. Omondi's proposed reading of the statute lacks support in its plain language and "would frustrate its more general purpose of

---

[2] Because we conclude that the government introduced evidence sufficient to convict Omondi for a violation of § 1382, we also reject his argument that the magistrate judge misstated the elements of the offense.

4

protecting the property of the Government so far as it relates to the national defense." *United States v. Albertini*, 472 U.S. 675, 681–82 (1985) (internal quotation and brackets omitted); *see also United States v. Apel*, 571 U.S. 359, 364 (2014) (describing the defendant's prior conviction under § 1382 as "trespass[ing] beyond the designated protest area" at Vandenberg). Accordingly, the government introduced evidence sufficient to convict Omondi of the offense beyond a reasonable doubt.

2. For similar reasons, we reject Omondi's argument that we must set aside his conviction because it violates the Due Process Clause. Specifically, Omondi argues that § 1382, when read in combination with the Commander's order, was unconstitutionally vague as applied to him. We review de novo whether a criminal statute violates the Due Process Clause. *See United States v. Lee*, 183 F.3d 1029, 1031 (9th Cir. 1999).

The Due Process Clause prohibits the enforcement of vague laws, which fail to provide fair notice of what conduct is prohibited. *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). When a defendant challenges the statute as applied to his own conduct, whether the statute is vague "turns on whether the statute provided adequate notice to him that his particular conduct was proscribed." *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013). If the defendant had actual notice that his conduct was prohibited, we will not set aside a conviction for

vagueness because "there is no due process problem." *United States v. Backlund*, 689 F.3d 986, 997 (9th Cir. 2012).

As detailed previously, the government presented ample evidence demonstrating that Omondi knew that he was not permitted to enter the restricted portions of Vandenberg. Omondi, however, contends that he was entitled to a warning to leave the restricted area prior to his arrest in accordance with the Commander's order. The right to a warning is not an element of the offense. *See* 18 U.S.C. § 1382. The statute, in combination with the Commander's order, established a line that Omondi was not permitted to cross. As the evidence at trial demonstrated, Omondi crossed that line, knowing very well that he was not permitted to do so. Because Omondi had actual notice that his conduct was prohibited, his conviction does not run afoul of the Due Process Clause. *See Backlund*, 689 F.3d at 997.

**AFFIRMED.**